IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM H. DEVARY, JR., on behalf of B.D., a minor child, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 17-1782-GMS |
| | ) | |
| DELAWARE STATE POLICE TROOP 6, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

## I. INTRODUCTION

The plaintiff, William H. DeVary, Jr. ("DeVary"), on behalf of B.D., a minor child,

appears *pro se* and was granted permission to proceed *in forma pauperis*. (D.I. 4.) DeVary filed

this lawsuit on December 11, 2017. (D.I. 2.) The court proceeds to review and screen the

complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. BACKGROUND

DeVary is the father of B.D. He alleges that he obtain a protection from abuse order

("PFA") on B.D.'s behalf from the State of Delaware where DeVary has joint legal custody

rights to B.D. DeVary alleges that Jessica Gregg ("Gregg") "put a no contact order on him in

Maryland which kept B.D. in severe child abuse. DeVary alleges a "failure to abide by

Delaware and embrace the PFA. He claims emotional abuse and emotional distress and

depression.

For relief DeVary seeks $500 million in compensatory damages and the enactment of a

law "that when a child abuse complaint is filed in one state, [] it gets entered into a national

database, which then prevents that person to file any motion to retain that child in abuse." (D.I. 2 at 7).

## III. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because DeVary proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted

pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant DeVary leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Initially, the court notes that in the federal courts of the Third Circuit, parents cannot represent their children *pro se*. Indeed, it is well-established that the right to proceed *pro se* in

3

federal court does not give non-lawyer parents the right to represent their children in proceedings before a federal court. *See J.R. v. Lehigh Cnty.*, 534 F. App'x 104, 108 (3d Cir. 2013) (unpublished); *but see Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007) (because parents enjoy rights under the IDEA, they are entitled to prosecute IDEA claims on their own behalf). It appears that DeVary intends to assert claims on behalf of his son. Although litigants can act as their own counsel under 28 U.S.C. § 1654, the statute does not authorize non-attorneys to represent the interests of others in the litigation, such as, a non-attorney parent representing a child. *See Osei -Afriyie v. Medical College of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991).

Liberally construing the complaint, DeVary seems to allege that he was injured by the Delaware State Police when a PFA was not enforced. On the civil cover sheet DeVary states that he raises a federal question. The claims against the State Police, however, are barred by reason of the Eleventh Amendment. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. Jan. 11, 2007). In addition, the Eleventh Amendment limits federal judicial power to entertain lawsuits against a State, and in the absence of congressional abrogation or consent, a suit against a state agency is proscribed. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984).

DeVary's complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) as the Delaware State Police is immune from suit.

## V. CONCLUSION

For the reasons discussed, the court will dismiss the complaint based upon the

defendant's immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).  Amendment is futile.

An appropriate order will be entered.

March 27, 2018

Wilmington, Delaware

UNITED STATES DISTRICT JUDGE